UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CROSS TERRACE REHAB INC, LLC,

    Plaintiff,

v.                                                Case No: 8:17-cv-2007-T-36TGW

SECRETARY, DEPARTMENT OF
HEALTH AND HUMAN SERVICES,

    Defendant.
_____/

# **O R D E R**

This cause comes before the Court upon the Report and Recommendation filed by Magistrate Judge Thomas G. Wilson on December 12, 2018 (Doc. 16). Magistrate Judge Wilson recommends affirming the decision of the Secretary of the United States Department of Health and Human Services. Plaintiff filed an Objection to the Report and Recommendation (Doc. 17), to which the Secretary responded (Doc. 20).

After careful consideration of the Report and Recommendation of the Magistrate Judge, in conjunction with an independent examination of the court file, the Court is of the opinion that the Magistrate Judge's Report and Recommendation should be adopted, confirmed, and approved in all respects.

    **I.    Background**

Plaintiff, Cross Terrace Rehabilitation Center ("Cross Terrace"), operates a nursing home. It pursued administrative appeals of the Department of Health and Human Services' (the "Agency") denial of Medicare payments for services it provided to five Medicare beneficiaries. Cross Terrace ultimately requested a hearing before an Administrative Law Judge ("ALJ").

Cross Terrace received five identical notices of telephonic hearings (the "Notices"), one for each of its appeals. In its responses to the Notices (the "Responses"), Cross Terrace listed Joyce Plourde as "Recipient's Representative," Doc. 9 [1] at 21, 46, 71, 95, 120. It listed the following under the heading "[t]he following individuals also plan to participate in the hearing[]": Michael Kornhauser, Esq., Joyce E. Plourde, Donna Conde, and Neimar Campos *Id*. at 24, 49, 74, 98, 123. Kornhauser is Cross Terrace's outside corporate counsel; Conde is its Director of Nursing. Doc. 1 at 11. The Responses designated no one as its "Appointed Representative" as defined under the regulations and only conveyed that Kornhauser was an attorney. The Notices stated that failure to appear at the hearing could result in dismissal. No one appeared on behalf of Cross Terrace at the designated time.

Kornhauser contacted the ALJ after the scheduled time. He shared that Cross Terrace's "representative" had a health scare which prevented her from appearing. The ALJ concluded that Plourde, but not the other listed participants, demonstrated good cause for her failure to appear. He dismissed the request for hearings. Doc. 9 at 29, 54, 79, 100, 125. The Medicare Appeals Council ("MAC") affirmed the ALJ's decision. Plaintiff now seeks review in this Court.

Magistrate Judge Wilson reviewed the entire record and the ALJ's decision. In a Report and Recommendation ("R&R"), he concluded that the Court should affirm the ALJ's decision. Doc. 16.

**II.    Legal Standard**

When a party makes a timely and specific objection to a Magistrate Judge's Report and Recommendation, the district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *Jeffrey S. v. State Board of Education of State of Georgia*, 896 F.2d 507, 512 (11th

---

[1] Administrative Record.

Cir. 1990). Regarding those portions of the Report and Recommendation not objected to, the district judge applies a clearly erroneous standard of review. *See Gropp v. United Airlines, Inc.*, 817 F. Supp. 1558, 1562 (M.D. Fla. 1993). The district judge may accept, reject, or modify in whole or in part, the Report and Recommendation of the Magistrate Judge. Fed. R. Civ. P. 72. The district judge may also receive further evidence or recommit the matter to the Magistrate Judge with further instructions. *Id*.

In reviewing claims brought under the Social Security Act, the district court cannot "decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the Secretary." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Even if the evidence preponderates against the Secretary's decision, the Court must affirm if the decision is supported by substantial evidence. *Id*.; 42 U.S.C. § 405(g).

**III. Discussion**

Section 405(g) provides that appeal to the federal district court is available under these circumstances:

> Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow.

Section 405(h) prohibits federal court review of administrative decisions except as provided in section 405(g). Thus, this case is properly before the Court.

**a. The ALJ Hearing Proceedings**

The ALJ sets the hearing and sends the notice of hearing to the party requesting the appeal. 42 C.F.R. § 405.1020(a), (c). The notice requires the party to respond with the following information: a statement indicating the party will appear at the hearing, an indication of who will

3

appear on behalf of the party, and a list of witnesses who will provide testimony. *Id*. at § 405.1020 (c)(2).

If a party needs to reschedule the hearing, it must demonstrate good cause. Good cause includes the party or its representative's inability to attend or travel to the scheduled hearing due to serious physical or mental condition, incapacitating injury, or death in the family. *Id*. at § 405.1020(f)(11). It also includes the ALJ's consideration of the following: the party's reasons for the request; the facts supporting the request; and "the impact of the proposed change on the efficient administration of the hearing process." *Id*. at § 405.1020(g)(1).

If the party requesting the appeal does not appear at the hearing, the ALJ can dismiss the hearing. But the record must demonstrate: notification of dismissal for failure to appear prior to the hearing; evidence of the party's acknowledgement of the notice of hearing; and that the party neither contacted the ALJ within ten days nor demonstrated good cause for failure to appear. *Id*. at § 405.1052(a)(1)(i).

Here, although Cross Terrace contacted the ALJ within ten days of the missed hearing, and the ALJ found that Plourde demonstrated good cause, she nonetheless dismissed the hearing. Having concluded that the listed participants could have appeared, and did not demonstrate good cause for failing to appear, the ALJ held that Cross Terrace was not entitled to a rescheduled hearing date.

### b. The Medicare Appeals Council Proceedings

Cross Terrace appealed the dismissals to the MAC to review the ALJ's decision. Generally, the MAC conducts a *de novo* review of the ALJ's decision and considers all the evidence of record and may adopt, modify, or reverse the ALJ's decision or remand the case to an ALJ for further proceedings. 42 C.F.R. §§ 405.1100(c). The decision of the MAC constitutes the final decision of the Secretary. 42 C.F.R. § 405.1130.

In the proceedings before the MAC, Cross Terrace argued that Plourde was its "sole representative." And because the ALJ found Plourde had good cause for her failure to appear at the hearing, Cross Terrace argued that the ALJ erred in dismissing the hearings. *See* Doc. 9 at 2-5. The MAC focused on the fact that none of the other listed participants appeared. But it specifically focused on Kornhauser's failure to appear because as an attorney for Cross Terrace, it was reasonable for the ALJ to infer that he would represent Cross Terrace at the hearing. It also pointed out that Kornhauser stated in an April 29, 2016 letter to the ALJ he was retained (at an unidentified date) to represent Cross Terrace in the appeals. *Id*. at 4. It also noted that Cross Terrace did not argue to it that Kornhauser did *not* represent Cross Terrace at the time of the hearing. *Id*. It ultimately concluded that the ALJ properly dismissed the hearings; neither Cross Terrace nor a representative appeared. *Id*. at 5.

### c. The Case Before the Court

Cross Terrace now appeals the ALJ's dismissal and argues that it was an abuse of discretion for the ALJ to determine that the listed participants had authority to act on its behalf because it misapplies the law. It also argues that the ALJ's determination that Kornhauser was its representative was based on clearly erroneous facts.

The Agency argues that Cross Terrace did not complete the process of formally identifying Plourde as an "appointed representative" under the regulations, thus, its argument that she was the "sole" representative is misleading. Further, despite the instructions on the Response that Cross Terrace should identify the role or title of the listed participants, it did not do so, leaving room for the ALJ to infer that any of the listed individuals could appear on Cross Terrace's behalf.

The Court referred the matter to the Magistrate Judge for a Report and Recommendation.

### d. The Report and Recommendation

The R&R concluded that the ALJ's decision to dismiss the hearings was not an abuse of discretion. Doc. 16. Specifically, the Magistrate Judge found the MAC's reasoning persuasive, which held that it was reasonable for the ALJ to infer that Kornhauser, listed as an attorney participant and not a witness as argued by Cross Terrace, could represent it at the hearing. Since he presented no good cause for his failure to appear, the R&R concludes that it was within the ALJ's discretion to dismiss the hearings. The R&R also states that the regulations do not preclude Kornhauser or the other two individuals from appearing at the hearing on behalf of Cross Terrace. *Id*. at 10-11. It points out, as does the MAC's decision, that Plourde did not complete the appropriate paperwork to become an "Appointed Representative." Thus, under Cross Terrace's reasoning, Plourde herself could not have participated either. *Id*. at 11.

The R&R concludes that it was reasonable for the ALJ to dismiss the request for hearing. *Id*. And it notes that a rescheduled hearing would not be fair to others waiting for a hearing. *Id*. at 16. Ultimately, the Magistrate Judge found that the ALJ's decision was not arbitrary, capricious or an abuse of discretion. *Id*.

### e. Cross Terrace's Objections

Cross Terrace argues that Plourde was its "sole" and "designated" representative, although it did not complete the paperwork to have her formally appointed. It argues that the ALJ's determination that she showed good cause for her failure to appear meant that dismissal was inappropriate. It argues that the other three individuals' failure to appear is irrelevant because they were witnesses and not the "party" or its "representative."

Cross Terrace raises these five objections: a witness' absence at a scheduled hearing is not a basis for dismissal; corporate entities may represent themselves at an ALJ hearing; the Secretary and Magistrate Judge improperly expanded the regulations regarding who can appear on behalf of a party to an ALJ hearing; no record evidence shows that Kornhauser was an appointed

6

representative; and finally, the Magistrate Judge's reliance on equity principles is improper and flawed.

Here, Cross Terrace did not complete the process to obtain an "appointed representative" to appear at the hearing. *See* 42 C.F.R. § 405.910(c). The Secretary does not dispute that Plourde could appear on behalf of Cross Terrace at the hearing without a formal appointment of representative, as Cross Terrace argues.[2] Thus, she was scheduled to appear as a corporate agent of Cross Terrace, not its appointed representative. Although Cross Terrace makes much of the fact that a corporation can appear through a corporate employee *or* an appointed representative, in this case it had two employees listed: Conde and Plourde. Her failure to appear meant that it had no corporate agent present.

Although Plourde showed good cause for her failure to appear, the record does not indicate that Conde did. And Campos had no designation offered and no explanation for his absence. The ALJ could reasonably conclude that Cross Terrace, as a party, did not show good cause for its failure to appear through an agent. The five notices of hearing issued by the ALJ warned that failure to attend the hearing, absent good cause, could result in dismissal. *See* 42 C.F.R. § 405.1052(a)(1).

The MAC noted that Cross Terrace argued that Plourde was its "sole representative" and the other three listed were "fact witnesses." Thus, the ALJ's acceptance of Plourde's absence due to illness as "good cause" means the ALJ should not have dismissed the hearing. But as the ALJ, the MAC, and the Magistrate Judge noted, the Responses to the Notices did not identify the

---

[2] *See* Doc. 17 at 13 (citing Medicare Claims Processing Manual, Ch. 29, § 270.1.1 *available at* https://www.cms.gov/Regulations-and-Guidance/Guidance/Manuals/downloads/clm104c29.pdf) ("Billing clerks or billing services employed by the provider or supplier to prepare and/or bill the initial claim, process the payments, and/or pursue appeals act as the agent of the provider or supplier and do not need to be appointed as representative of the provider/ supplier.").

capacity in which the other three individuals would be appearing. Cross Terrace attached the "witness" and "sole representative" labels after the dismissal to justify its argument that the ALJ erred. The Court is not persuaded that the dismissal was either an abuse of discretion or arbitrary and capricious.

Last, if the Magistrate Judge's reference to equity was "improper" or "flawed," such error is harmless. And the alleged "reweighing" of evidence regarding Plourde's medical condition as a proper basis for good cause is dicta since no party contests the ALJ's finding on this point.

### IV. Conclusion

The Court has reviewed the Magistrate Judge's R&R *de novo* and accepts the recommended disposition. The R&R appropriately reviewed the Administrative Record under the correct standard and concluded that no basis for reversal or remand existed. The Court agrees.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** as follows:

(1) The Report and Recommendation of the Magistrate Judge (Doc. 16) is **ADOPTED, CONFIRMED,** and **APPROVED** in all respects and is made a part of this Order for all purposes, including appellate review.

(2) The final decision of the Secretary is **AFFIRMED**.

(3) The Clerk is directed to terminate any pending motions, enter a judgment in favor of the Secretary, and close this case.

**DONE** and **ORDERED** at Tampa, Florida on January 23, 2019.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

**Copies furnished to:**
Counsel of Record
U.S. Magistrate Judge Thomas G. Wilson